13-4221-cv
*Montefiore Medical Center v. Teamsters Local, 272, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of January, two thousand fifteen.

PRESENT:    RALPH K. WINTER,
            JOSÉ A. CABRANES,
            REENA RAGGI,
                        *Circuit Judges.*

_____

MONTEFIORE MEDICAL CENTER,

        *Plaintiff-Appellant,*

                v.

No. 13-4221-cv

TEAMSTERS LOCAL, 272, ET AL.,

        *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:         JOHN GREGORY MARTIN, (Courtney A. Rogers, *on the brief*), Garfunkel Wild, P.C., Great Neck, NY.

FOR DEFENDANTS-APPELLEES:         JANE LAUER BARKER, (Danya Ahmed, *on the brief*), Pitta & Giblin LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Harold Baer, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED** and the cause is **REMANDED** for further proceedings.

Plaintiff-appellant Montefiore Medical Center ("Montefiore") appeals from the District Court's June 28, 2013 judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## BACKGROUND

Defendant-appellee Teamsters Local, 272 Welfare Fund ("the Fund") is a self-funded employee benefit plan, which provides health care coverage for the employees covered by the Fund—primarily parking garage attendants and cashiers. Plaintiff-appellant Montefiore is a hospital located in the Bronx, New York. In March 2009, Montefiore filed a lawsuit in the Supreme Court of New York, Bronx County, which alleged, *inter alia*, that the Fund had failed to pay over $1.1 million in outstanding bills for healthcare services that Montefiore had provided to the Fund's employees. The Fund removed the lawsuit to the U.S. District Court for the Southern District of New York. In September 2012, the District Court held a two-day bench trial. On June 25, 2013, the District Court issued an Opinion & Order containing its findings of fact and conclusions of law.

Relevant to this appeal, the District Court limited its Opinion & Order to "those claims that [had] *not settled* since the bench trial's conclusion." SPA 1 (emphasis supplied). Specifically, the District Court found that the Fund had "paid all claims listed in Plaintiffs' Exhibit 172, comprised of claims for services rendered after August 13, 2008," as well as "all of the claims for services rendered during the period prior to . . . August 13, 2008, except for those claims that were denied for lack of pre-certification under the Terms of the Fund's plan of benefits." *Id.* (alteration in original) (internal quotation marks omitted). The District Court therefore limited its consideration to: (1) ten claims arising during the period that the Fund contracted with Horizon Healthcare of New York, Inc.[1]; and (2) two claims that were denied for lack of precertification during the time when the Fund contracted with MagnaCare Administrative Services LLC.[2] Of these claims, Montefiore prevailed as to five of the ten "Horizon claims" and, accordingly, on June 28, 2013, the District Court entered judgment in favor of Montefiore for a total of $42,698.03.

On June 28, 2013, Montefiore filed a motion in the District Court to amend the Opinion & Order and judgment under Federal Rules of Civil Procedure 52(b) and 59(a)(2) and (e). Montefiore's

---

[1] Horizon Healthcare of New York, Inc. ("Horizon") is a Preferred Provider Organization ("PPO"). Prior to January 1, 2007, Montefiore had a contract with Horizon, under which Montefiore agreed to provide hospital services to any entity, such as the Fund, with whom Horizon had an agreement. Therefore, before January 1, 2007, Montefiore provided health care services to the Fund's members through the Horizon PPO.

[2] After Horizon ceased services, Montefiore contracted with a new PPO, MagnaCare Administrative Services LLC ("MagnaCare"). Therefore, beginning on January 1, 2007, Montefiore provided health care services to the Fund's members through the MagnaCare PPO.

principal argument was that the District Court had incorrectly found that the majority of Montefiore's claims were settled by the parties and that, therefore, the District Court erred in declining to resolve those claims in its Opinion & Order. As Montefiore put the point:

> Based on [the District Court's] conclusion that the parties had settled the two largest groups of claims in the case, the claims arising out of the Fund's breach of the MagnaCare contracts, and the "post-termination claims," the Court did not consider these claims.
>
> However, there has been *no agreed upon resolution* of these claims. In fact, although the Fund has made some partial payments on the MagnaCare contract claims and the post-termination claims, the parties remain in disagreement on over $2 million dollars [sic] in unpaid claims.

J.A. 407 (emphasis in original) (citation omitted). On October 4, 2013, the District Court denied Montefiore's motion to amend the Opinion & Order and judgment. Montefiore filed this timely appeal arguing that the District Court both (1) erred by not considering unresolved claims in entering judgment, and (2) abused its discretion by not considering the claims after Montefiore moved to amend the judgment. While both arguments have merit, we need only address the first to decide this appeal.

## DISCUSSION

When reviewing a judgment following a bench trial, we review a district court's findings of fact for clear error and its conclusions of law *de novo*. *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 255 (2d Cir. 2014). Under the clearly erroneous standard, "there is a strong presumption in favor of a trial court's findings of fact if supported by substantial evidence. We will not upset a factual finding unless we are left with the definite and firm conviction that a mistake has been committed." *White v. White Rose Food, a Div. of DiGiorgio Corp.*, 237 F.3d 174, 178 (2d Cir. 2001) (internal quotation marks omitted).

## A.

Based upon our review of the record, we conclude that the District Court committed clear error in declining to resolve the majority of Montefiore's claims in its Opinion & Order. The District Court appears to have based its factual finding that the parties had "settled" these claims on two letters submitted by the Fund alone. The first letter, dated December 14, 2012, stated that the Fund had "paid all claims listed in plaintiff's Exhibit 172, comprised of claims for services rendered after August 13, 2008 when the Fund was terminated from the MagnaCare network (the 'post-termination claims'), as well as the claims which were billed directly to the participants by Montefiore." This assertion that these claims were fully paid was specifically refuted by Montefiore in a letter submitted to the District Court on December 20, 2012—according to Montefiore, the Fund had paid only

3

$185,682 towards claims that were purportedly worth over $1.4 million. The second letter from the Fund, dated February 7, 2013, stated that the Fund had "paid all of the claims listed in plaintiff's Exhibit 6," and that "all of the claims for services rendered during the period prior to . . . August 13, 2008 when the Fund was terminated from the MagnaCare network (the 'pre-termination claims'), except for those claims that were denied for lack of pre-certification under the terms of the Fund's plan of benefits[,] have been paid." For whatever reason, Montefiore failed to respond to the Fund's second letter.

The District Court decision to credit one party's assertion that certain claims had been "settled" was clearly erroneous. Although the Fund asserts that it was within the District Court's discretion to determine that the claims had been paid and thus were not "live claims," the Fund provides no authority for its novel argument that *one side* can moot claims after a bench trial by paying an amount of its own choosing. Here, Montefiore has steadfastly maintained that the amount paid by the Fund *was not* sufficient to satisfy the claims at issue—therefore, a live controversy clearly existed, which the District Court was obligated to resolve. To be sure, *if* the District Court had made a specific factual finding that the amount due and owing on the "post-termination" and "pre-termination" claims was identical to the amount the Fund had already paid to Montefiore, then perhaps the District Court could have concluded that these claims were no longer "live." However, because no such finding of fact was made, and because the District Court simply found that the claims were "settled" based on the Fund's one-sided representation, we conclude that the District Court committed clear error.

Accordingly, the June 28, 2013 judgment in this case must be vacated and the cause remanded. In light of Judge Baer's untimely death, the remand will be handled by District Judge Ronnie Abrams, to whom the case has now been reassigned. Our remand order does not contemplate reopening of the record for the introduction of any new evidence or reconsideration of issues already decided. Nevertheless, to the extent that the parties dispute which evidence was properly admitted into the record and which issues were decided, resolution of any such disputes, as well as the decision whether to reinstate aspects of Judge Baer's Opinion & Order, is committed to the sound discretion of Judge Abrams.

**B.**

Finally, Montefiore asserts that the District Court erred in declining to incorporate into its final judgment the 9% in pre-judgment interest required under New York State law. In response, the Fund asserts that pre-judgment interest is not warranted because—contrary to a separate ruling by the District Court—Montefiore's New York State law claims were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. However, because we have vacated the judgment in its entirety, we need not resolve this issue. Upon remand, Judge Abrams will, at the appropriate time, determine whether pre-judgment interest is required on any

4

recovery received by Montefiore and, if so, the amount that should be awarded, including with respect to claims previously decided in Montefiore's favor by Judge Baer.

## **CONCLUSION**

For the reasons stated above, we **VACATE** the District Court's June 28, 2013 judgment and **REMAND** the cause for further proceedings consistent with this Order.


FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

5